# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

MARCO OHLIN and NATASHA PARACHA,

Plaintiffs,

v.

CASE NO. 3:23 cv-08856

DEFENDANT "1" a/k/a "SELINA" and JOHN DOES 1-20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations,

Defendants.

## COMPLAINT FOR
## CONVERSION OF STOLEN CRYPTOCURRENCIES

Plaintiffs, MARCO OHLIN and NATASHA PARACHA, by and through undersigned counsel, sue DEFENDANT "1" a/k/a "SELINA" and JOHN DOES 1-20, as follows:

### PRELIMINARY STATEMENT

1.     Defendants stole cryptocurrency from Plaintiffs which at the time of the theft had an approximate value of Eight Hundred Sixty-Two Thousand Six Hundred Eighty-Five Dollars and Twenty-Seven Cents ($862,685.27) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2.     Defendant "1" played a material role in the theft of Plaintiffs' assets, and upon information and belief, currently possesses all or a significant

portion of Plaintiffs' stolen property.

3.      Plaintiffs bring this lawsuit to recover their stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This is an action for damages related to the theft of Plaintiffs' cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5.      Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6.      Plaintiffs MARCO OHLIN and NATASHA PARACHA are individuals, are *sui juris*, and are residents and citizens of California.

7.      Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff MARCO OHLIN that her name was "SELINA." Defendant represented to Plaintiff MARCO OHLIN that she was Chinese and the parties' communications consistently demonstrated Defendant "1" was of Chinese descent who is likely located in China.

8.      Defendants JOHN DOES 1-20 are as of yet unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

9.      At all times material hereto, Defendants have maintained and continue

to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiffs' stolen cryptocurrency currently sits.

10.     Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least a fraudulent website and mobile application (memxkl.live) which can be accessed on the internet and on smartphones and are accessible from Florida.

11.     Moreover, every website has at least one associated IP address that it uses to communicate with devices on a network. The IP address for memxkl.live is 43.250.186.114. Plaintiffs have tracked the memxkl.live IP address to Hong Kong, China.

12.     Thus, alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.     Defendants Execute an International Cryptocurrency Theft Scheme**

13.     Plaintiff MARCO OHLIN desired to invest money in cryptocurrency.

14.     Plaintiff MARCO OHLIN began searching online and on social medial

to learn how he could invest in cryptocurrency.

15.     Plaintiff MARCO OHLIN met Defendant "1" a/k/a "SELINA" who communicated with Plaintiff MARCO OHLIN via Telegram.

16.     Defendant "1" misrepresented that she would teach Plaintiff MARCO OHLIN how to become a successful cryptocurrency day trader by using a trading method she called ultra short-term trading.

17.     Defendant "1" lured Plaintiff MARCO OHLIN by showing him examples over the Telegram app of how she was successfully earning high returns on her ultra short-term trading methods.

18.     Defendant "1" represented to Plaintiff MARCO OHLIN that she was using a trusted mobile application called MEMX that, according to Defendant "1", was owned and operated by Members Exchange.

19.     Members Exchange (MEMX) is a legitimate but relatively new U.S.-based stock exchange which began operating in approximately 2019 and initially only allowed its customers to trade equities.  In approximately 2022, Members Exchange began offering its customers the ability to trade cryptocurrency on its exchange using its web- and mobile-based platforms.

20.     Defendant "1" assisted Plaintiff MARCO OHLIN in downloading memxkl.live which she claimed was the MEMX trading mobile application.  However, the application she provided to Plaintiff MARCO OHLIN

was not the MEMX application owned and operated by Members Exchange but was instead a fraudulent copycat mobile application created to deceive individuals, including Plaintiff MARCO OHLIN, into believing they were investing on a legitimate cryptocurrency exchange owned and operated by Members Exchange.

21.    To further entice Plaintiff MARCO OHLIN into believing she was a legitimate investor who only wanted to assist Plaintiff MARCO OHLIN in becoming a successful cryptocurrency trader like her, on or about July 14, 2022, Defendant "1" had Plaintiff MARCO OHLIN run a test where he transferred approximately $500.00 worth of cryptocurrency from his Coinbase account into the fraudulent memxkl.live mobile application. When Plaintiff MARCO OHLIN was able to transfer the $500 worth of cryptocurrency from the fraudulent MEMX mobile application back to his Coinbase account, he believed that Defendant "1" was a legitimate investor who wanted to help him learn how to invest cryptocurrency and, further, that the fraudulent memxkl.live mobile application he had downloaded was also legitimate.

22.    After familiarizing himself with the process of trading on the fraudulent MEMX mobile application recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Coinbase account, a legitimate third-party online platform for buying, selling, transferring, and storing cryptocurrency, to the fraudulent MEMX platform.

23.    Defendants posted fraudulent returns on their fake MEMX mobile application which made it appear that Plaintiff MARCO OHLIN was making money on his trades.  As a result, he continued to transfer cryptocurrency from his Coinbase account to the fraudulent MEMX exchange.

24.    The scheme was so convincing that eventually Plaintiff NATASHA PARACHA, who is Plaintiff MARCO OHLIN's girlfriend, decided that she would transfer cryptocurrency from her account to Plaintiff MARCO OHLIN's account so that Plaintiff MARCO OHLIN could invest her cryptocurrency as well.

25.    When Plaintiffs attempted to transfer even small portion of their cryptocurrency from the fraudulent MEMX application back to Coinbase, Plaintiffs experienced issues and were unable to make transfers.

26.    When Plaintiff MARCO OHLIN questioned Defendant "1" about the transfer issues he was experiencing, Defendant "1" provided excuses and made additional false representations.

27.    Plaintiffs were eventually convinced not to withdrawal their cryptocurrency but to instead invest more of it in the fraudulent MEMX platform after Defendant "1" promised a short-term 10x return on their investment.

28.    Because of the fraudulent representations contained on the fake MEMX account, and misrepresentations made by Defendant "1", Plaintiffs MARCO OHLIN and NATASHA PARACHA believed that they had made significant money from

their investments.

29.    By the end of August, Plaintiffs believed they had made a considerable amount of money. In fact, they were told by Defendant "1" that the value of their cryptocurrency had grown from approximately SIX HUNDRED THOUSAND DOLLARS ($600,000.00) to approximately SIX MILLION DOLLARS ($6,000,000.00), which was also reflected on the fraudulent MEMX application.

30.    Plaintiffs were happy with what they believed was a significant return on their investment. However, they decided it was time to transfer all the cryptocurrency from MEMX back to Plaintiff MARCO OHLIN'S Coinbase account.

31.    However, Plaintiff MARCO OHLIN was told that before he could withdrawal their cryptocurrency, he was required to transfer additional cryptocurrency to the fraudulent MEMX exchange to pay taxes.

32.    Relying on this false statement, Plaintiffs transferred another $234,235.91 worth of USDT to the fake MEMX account.

33.    Unfortunately, even after paying what he thought were the taxes owed on their investments, Plaintiff MARCO OHLIN made numerous unsuccessful attempts to transfer the cryptocurrency from the fake MEMX account back to his Coinbase account.

**B.    <u>Plaintiffs' Forensic Tracking of Their Stolen Cryptocurrency</u>**

34.    When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

35.    Within the time frame of July 14, 2022, and July 25, 2022, Plaintiff MARCO OHLIN transferred a total of 21.05328 ETH (Ethereum) worth, at that time, a total of $32,063.49 USD to a virtual wallet address controlled by Defendant "1" 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 ("Defendant "1" Wallet") from Plaintiff MARCO OHLIN'S virtual wallet address 0xeB2629a2734e272Bcc07BDA959863f316F4bD4Cf ("Plaintiff's Wallet"). The table below lists the respective transactions:

| Nr. | Date (EST) | Amount Sent | Defendant "1" Wallet Address | Transaction ID |
|---|---|---|---|---|
| 1 | 7/14/2022 | 0.42003 ($500.91 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0x7d07e4301fa15185d9a20256ea09e2de31a4da1377afc512321229fd6610c5d9 |
| 2 | 7/15/2022 | 0.29770 ($366.54 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0xd6895d159908e1529aaef0ab72290d4003d2880440a6f05ce1649bc61fca9ec2 |

| 3 | 7/17/2022 | 3.27736 ($4,385.01 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0xb82400ad0486f1a140b9e3e0197316d974beeda90db12611461a1b96ccde0727 |
|---|---|---|---|---|
| 4 | 7/21/2022 | 3.31593 ($5,224.84 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0x55c701115e6423aa12a7cc126b569730eb8fcdc0024231a85c594131f3a8a5cd |
| 5 | 7/21/2022 | 13.25378 ($20,883.71 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0x577b71f640bf0c59b32391dacc64794b0dac8871b42cca8097a3f9d9c23b0720 |
| 6 | 7/25/2022 | 0.48851 ($702.48 USD) | 0x8BEeBBC4eC8956607BAD730F097F29d1d18ce8d0 | 0x3212e2900bef092e64bf3a3c7e7c70af680356417b134b047e9e75134d9abe01 |

36.     Defendant "1" then transferred Plaintiffs' funds from the Defendant "1"' Wallet to multiple wallet addresses, some belonging to Exchanges (Binance and Crypto.com), and also to secondary wallets belonging to the Defendants.  From there, funds where then sent to different Exchanges, as shown in the following transactions below:

| Date (EST) | Total Amount Sent | Addresses | Transaction ID |
|---|---|---|---|
| 7/15/2022 17:06 | 5.00 ETH | 1st ETH went to 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E (Binance) | 0x3823a023c96a960c2398427f688dd2e444a31431c6d4056d6f1c8e611a753364 |

| | | | |
|---|---|---|---|
| 7/16/2022 00:51 | 0.600435 ETH | 2nd ETH went to 0x9d8958Cb38ED7CcF00AD2d347F8DeEdC93678baA | 0x1369e9201318c3a1f1b8949ab3011eb40329c249b0320a12075e07ad5c0670c9 |
| 7/16/2022 17:56 | 0.600041387 ETH | from there to 0x130305277f4F9D40C1710Ee963fcE91D95BcC1b6 (CRYPTO.COM) | 0xad4d6be6465036fe7583e418616d94952fb6cd69f03a662d3e3222ce40ba2b5f |
| 7/18/2022 01:43 | 0.7361 ETH | 3rd ETH partially went to 0xdD189CC26c3dDa4F4010a6F36a15cB5441b1c3d5 (0.7361 ETH) | 0xa801ba7aa9890b0821a48e1ec4558e7c84e88b36a615897928405b6ca2f91c22 |
| 7/20/2022 23:26 | 0.735681 ETH | from there to 0x389505f098a29a994A3ed0e674f07cd451dde42C (unidentified Service) | 0x6e809161c52aa2ea9f891e4b9596dcbfc43535f40df427aee8b2f58c444e5f55 |
| 7/18/2022 02:22 | 3 ETH | remainder went directly to 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E (Binance) | 0xf8f1eff7404a53cb2b625eab77826ea16b386a68a063263a9e342e1edd5c7d48 |
| 7/21/2022 18:56 | 16.5696 ETH | 4th and 5th ETH went to 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E (Binance) | 0x0313a5479704e1b3377c048535a9a77db2858bfeee0a69dc1442039c6dcf81dc |
| 7/25/2022 23:27 | 0.4645 ETH | 6th ETH went to 0x012d2B2380F9b4603c714D1cA8fbB3F73278f4A6 | 0xfd5e7f987b0a8fee4ba68e349445a57bced83e61c590675dc0640a34e540be90 |
| 7/28/2022 00:30 | 0.434801422 ETH | from there to 0xd7299518027444B406FF6756686029a60e4407406 | 0x8c688833f4d30d00b1f644ce5656a204576373a32a5dcb6cf24581d4086267bc |
| 7/28/2022 00:35 | 0.43432389 ETH | and then to 0x000F422887eA7d370FF31173FD3B46c8F66A5B1c (unidentified service) | 0x1dd102d5e596ad8d67d27d0c3bbd0ba76b07e79d61295efc7b1035820eaf202f |



Fig 1. Graph ETH transactions only

37.     On July 30, 2022, Plaintiff MARCO OHLIN transferred 18.065869

BTC (Bitcoin) worth, at that time, $431,015.5 USD to a second virtual wallet address

controlled by Defendant "1" 3KvzYQj1SvAkYCK6oQ2UzA1dLuaXhftopD

("Defendant "1" Second Wallet") from Plaintiff MARCO OHLIN'S virtual wallet

address          0xeB2629a2734e272Bcc07BDA959863f316F4bD4Cf ("Plaintiff's

Wallet"). The table below lists the respective transaction:

| Date (EST) | Amount Sent | Defendant "1" Second Wallet Address | Transaction ID |
|---|---|---|---|
| 7/30/2022 | 18.065869 ($431,015.5 USD) | to 3KvzYQj1SvAkYCK6oQ2UzA1dLuaXhftopD | 257bfaa63878cb46554f9833b768cd1d1424d92e88b005d5d5ed12b11888bab4 |

38.     Defendant "1" then transferred Plaintiffs' funds from the Defendant

"1" Wallet to the wallet addresses as shown in the following transaction (all BTC

ended upon at Binance):

| Date (EST) | Amount Sent | Addresses | Transaction ID |
|---|---|---|---|
| 7/30/2022 01:52 | 18.06586907 | to 32iCoud66uZmGLNxoRsq4mZ6z7Shkyxgva | 2ca45071471297faaf5befed794d637a20b22f7e951f5a428c6ed8bab90bf248 |
| 8/15/2022 12:59 | 5.00 | from there to 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD (Binance) | d1d9b26fbe141643e4b88999b6f856edb0c1da174022b4ae760b877d07a9b05b |
| 8/15/2022 12:59 | 13.06585137 | and to 3KzKY8hxudMnwgGAfuh5d6TsreCmAyiGfp | d1d9b26fbe141643e4b88999b6f856edb0c1da174022b4ae760b877d07a9b05b |
| | | from there to | 0e0aa8e18c45348af922fd0d22fa751449bad |

| 8/15/2022 13:19 | 13.06583687 | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD (Binance) | 93cb0ec1062894a369665b4938e |
|---|---|---|---|



Fig 2. Graph BTC transaction only

39.     Within the time frame of August 19, 2022, and September 2, 2022, Plaintiff MARCO OHLIN transferred a total of 399,176.46 USDT (Tether) worth, at that time, a total of $399,606.28 USD, to a third virtual wallet address controlled by Defendant "1" 0x8b6636BbBf3F01b3EC67845556042F995C8fd5A3 ("Defendant "1" Third Wallet") from Plaintiff MARCO OHLIN'S virtual wallet address 0xeB2629a2734e272Bcc07BDA959863f316F4bD4Cf ("Plaintiff's Wallet"). The table below lists the respective transactions:

| Date (EST) | Amount Sent | Defendant "1" Wallet Address | Transaction ID |
|---|---|---|---|
| 8/19/2022 | 79,997.20 ($80,207.53 USD) | 0x8b6636BbBf3F01b3EC67845556042F995C8fd5A3 | 0x200e4019a3581ca5572b3a6ba7f03076df4a4fc79c12d495c65cdef9cee75234 |
| 8/20/2022 | 70,014.85 ($70,116.05 USD) | 0x8b6636BbBf3F01b3EC67845556042F995C8fd5A3 | 0xf319c2875f8ec792fc3d0e7eb3d12954283f52cf5091f69233733173a65eceb6 |
| 8/20/2022 | 15,025.08 ($15,046.79 USD) | 0x8b6636BbBf3F01b3EC67845556042F995C8fd5A3 | 0xf401b61c87d4fa61536bff9d3f9fddea6ac2e987838b3fae77eefbecb6849e62 |
| 9/02/2022 | 234,139.33 ($234,235.91 USD) | 0xA1b432e2BF9CA4C4F6428a438e0CD4C1AD1CBcA2 | 0x8b5d14a1a673b028bfb1648eac5b9e02f5b61195b4b671dee94500dbaa4dc0c8 |

40.     Defendant "1" then transferred Plaintiffs' digital assets from Defendant "1"'s wallet to the wallet address as shown in the following transactions:

| Date (EST) | Amount Sent | Addresses | Transaction ID |
|---|---|---|---|
| 8/20/2022 03:25 | 30,000.00 USDT | 1st and 2nd USDT went in tranches of 5x 30k to 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xe41b49515156a1d815a991d7425458acf6d1da43bcdd85832782c0e29061149e |

| | | | | |
|---|---|---|---|---|
| 8/20/2022 03:38 | 30,000.00 USDT | and | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0x9e87dbb52040128c022dc059ae396847b8a8a9c027d19ba57d3b2d07493f0c2b |
| 8/20/2022 03:47 | 30,000.00 USDT | and | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xac11e033aac17327786c0a7a804cb0c340d463aec72a7283d051ccf563af6a26 |
| 8/20/2022 04:27 | 30,000.00 USDT | and | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0xf48aaca61884caca7879a0f428e53e89c2e7d3ca574c483513aab249d59dcc6d |
| 8/20/2022 17:30 | 30,000.00 USDT | and | 0x007Ac806DA055aaa3ca720A3a054916B7679e83A | 0x69f25195c15a33940a0086f6d5c221dd48b4f3db8af71c484bc0fe54502550e2 |
| 8/20/2022 17:31 | 30,000.00 USDT | from there to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xe2d5fac9f028618f13ae07a1f5209914e58b934b029848a4c68cbc6b15b1d0ff |
| 8/21/2022 02:44 | 30,000.00 USDT | 3rd USDT went to | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0x0fab78a2856539cba13f004ffc9a12ecb37d158d0ac883fe778c1604b8dffa85 |
| 9/2/2022 15:49 | 234,139.33 USDT | 4th USDT went to | 0xD27F7b979364834Db66e87de441186AdbDc271F9 | 0x921ff7e8647ba6c3d92d59c1d5c7703af8c0b744e75624693a709499e3836245 |
| 9/2/2022 15:50 | 30,000.00 USDT | from there to | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0xb03a69c8dab43c94c0660b474b2ea64f031560f7779fd3408156d73e86c9d96b |
| 9/2/2022 15:51 | 30,000.00 USDT | and to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0x7ecfcd436c1172b9f5079d6d87e97914be9c2249cb9316c897cdfb45d747c0c4 |
| 9/2/2022 | 30,000.00 | and to | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D | 0x899b5d5e112b1dcdfdd98b10651fb3d239a06adb29b2bff587afe55fdc261fff |

| 16:18 | USDT | | 0d (OKX) | |
|---|---|---|---|---|
| 9/2/2022 16:18 | 30,000.00 USDT | and to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xaa07473701fb41c438f55832d021afe644eac8aadbd345f7638f5f1bc8cd9b71 |
| 9/2/2022 16:50 | 30,000.00 USDT | and to | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0xfaec94859f29ccc288caed29901d92bc5bc7dad608bf87300957ea73f783f47e |
| 9/2/2022 16:55 | 30,000.00 USDT | and to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0x4fb0fe8cd9b6427a7172b8211d738b856c088f06426dd5e686cd117b16cef967 |
| 9/2/2022 17:52 | 1,000.00 USDT | and to | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | 0x83cb527f8227c255014d416953afacd146571dbdc55c14ecbfcca20090bcde3f |
| 9/2/2022 18:17 | 1,000.00 USDT | and from 0xE.. to | 0x5041ed759Dd4aFc3a72b8192C143F72f4724081A (OKX) | 0x313139dc7b4f7a28d9a8d8da7b70310af136e5a77598b66cd8cd5564fbb4e864 |
| 9/3/2022 02:54 | 30,000.00 USDT | and to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0x7e41c39295cda8f0fdc797d7e397d6a707823d7ca7fb95c66a87251be75b4c26 |
| 9/3/2022 02:55 | 30,000.00 USDT | and to | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | 0xf0627793adcec71068e16468251f2e2fbb3421dd1e5e72f4afca421ece621632 |
| 9/3/2022 02:55 | 30,000.00 USDT | and to | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | 0xf1c82c145f40de93547a684ee4b233571ec6f435dfd0b07bc7f4a76d0fae2f74 |
| 9/3/2022 03:58 | 90,000.00 USDT | and from 0xE.. to | 0x5041ed759Dd4aFc3a72b8192C143F72f4724081A (OKX) | 0x240e35bd4fbcbf556d9f491fb5588aa5b7815942a3ce9bc84f89b299e69395f5 |



Fig 3. Graph USDT transactions only

41.     As set forth above, Defendants stole a total of 21.05328 ETH (Ethereum), 18.065869 BTC (Bitcoin) and 399,176.46 USDT (Tether) from Plaintiffs, valued at the time of the theft at approximately Eight Hundred Sixty-Two Thousand Six Hundred Eighty-Five Dollars and Twenty-Seven Cents ($862,685.27). Plaintiffs tracked the cryptocurrency to Binance, OKX, Crypto.com and one unidentified service.

42.     As shown above, Plaintiffs have suffered substantial damages.

43.     If unchallenged, Defendant "1" and her cohorts JOHN DOES 1-20 will continue their fraudulent international criminal crypto theft scheme robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

## COUNT I
## CONVERSION

44.     Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

45.     As more fully alleged above, Defendants misappropriated Plaintiffs' funds.

46.     Defendants have converted Plaintiffs' funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiffs' exclusion and detriment.

47.     Plaintiffs have suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiffs MARCO OHLIN and NATASHA PARACHA demand that judgment be entered against Defendant "1," and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

48.     Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

49.     Plaintiffs conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiffs.

50.     Defendants have knowledge of the benefit Plaintiffs conferred upon them and have retained such benefit.

51.     The circumstances under which Plaintiffs conferred, and Defendants accepted, such benefit render Defendants' retention of the benefits inequitable.

52.     Equity requires that Defendants return to Plaintiffs the benefits he conferred upon Defendants.

WHEREFORE, Plaintiffs MARCO OHLIN and NATASHA PARACHA demand that judgment be entered against Defendant "1" and JOHN DOES 1-20,

jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## IMPOSITION OF CONSTRUCTIVE TRUST
## AND DISGOREMENT OF FUNDS

53.      Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

54.      This is an action to impose a constructive trust upon the property taken from Plaintiffs that is currently held by Defendants at Binance, OKX and Crypto.com.

55.      This action further calls for the restoration to Plaintiffs of that wrongfully obtained property.

56.      As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiffs' cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

57.      The cryptocurrency assets at issue are specific, identifiable property and have been traced to Binance, OKX and Crypto.com.

58.      Any and all assets being held by Defendants at Binance, OKX and Crypto.com must be held in trust for Plaintiffs' benefit, as Defendants are not entitled

to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiffs.

59.     The digital assets identified herein which are being held by Defendants at Binance, OKX and Crypto.com must be disgorged to Plaintiffs' benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiffs.

**WHEREFORE,** Plaintiffs MARCO OHLIN and NATASHA PARACHA demand the equitable imposition of a constructive trust over the property taken from Plaintiffs that is currently under the control of Defendant "1" and/or JOHN DOES 1-20, in the identified cryptocurrency wallet addresses held at Binance, OKX and Crypto.com, and further demands that the wrongfully obtained property be returned to Plaintiffs.

## COUNT IV
## <u>CONSPIRACY</u>

60.     Plaintiffs adopts and realleges the allegations set forth in paragraphs 1 through 43 above as if fully and expressly set forth herein and further alleges as follows.

61.     The Defendants conspired and confederated with each other to commit, and committed, Conversion (Count I); and Unjust Enrichment (Count II).

62.     Plaintiffs have suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiffs MARCO OHLIN and NATASHA PARACHA demand that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Date: April 26, 2023.

Respectfully submitted,

By: */s/ Daniel J. Thornburgh*
Daniel J. Thornburgh (BAR NO. 42661)
dthornburgh@awkolaw.com
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
*Attorneys for Plaintiffs*