**PLAINTIFF'S EXHIBIT**

**Daniel Thornburgh**

| | |
|---|---|
| **From:** | Daniel Thornburgh |
| **Sent:** | Tuesday, May 30, 2023 1:27 PM |
| **To:** | LERT@BINANCE.US |
| **Cc:** | Cassandra Bell; Brandon Craver; Brad Bradford |
| **Subject:** | Urgent Request for Cooperation - Freeze of Wallets per Federal Court Order |
| **Attachments:** | Ohlin Marco and Natasha Paracha -Order Granting Emergency Motion for a Temporary Restraining Order.pdf |
| **Importance:** | High |

To Whom It May Concern:

I hope this email finds you well. I am writing to you on behalf of my clients, Natasha Paracha and Marco Ohlin, who were unfortunate victims of a scam resulting in the theft of their digital assets. After extensive investigation with the assistance of Cipherblade, we have successfully traced a portion of the stolen cryptocurrency assets to Binance wallets.

I have filed a lawsuit against the perpetrators of this scam. Recently, the U.S. District Court judge presiding over the lawsuit issued an *ex parte* order, attached to this email, granting our Emergency Motion for a Temporary Restraining Order, freezing several wallets used by the scammers to launder the stolen assets, including wallets on the Binance exchange. I am writing to request your cooperation and ask that take immediate action and freeze the following wallets:

| 1. | Binance | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD | BTC | 18.0658365 |
|---|---|---|---|---|
| 2. | Binance | 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E | ETH | 19.110906 |

We are preparing to serve the Defendants (the scammers) with a copy of the lawsuit and summons. However, it is imperative that we ensure that the assets are frozen before we serve the Defendants to protect the stolen assets from being moved and hidden. Given the urgency and critical nature of this matter, I kindly request that you promptly take the necessary steps to protect these assets from being moved by freezing the aforementioned wallets. I trust that you will cooperate with this request and act in accordance with your commitment to maintaining a secure and compliant platform and preventing bad actors from using your exchange to launder stolen cryptocurrency.

To ensure a seamless process, I kindly request that you confirm, in writing, that the above wallets have been frozen, in accordance with the attached order. If there are any technical or procedural considerations that need to be addressed, please do not hesitate to contact me

1

directly at the following telephone numbers: 1-850-202-2213 (direct office line) or 1-850-776-7788 (cell), or by via replying to all on this email string.

Your cooperation in this matter is greatly appreciated and will significantly contribute to our ongoing efforts to protect and recover my clients' stolen assets. I am confident that by working together, we can mitigate further harm.

Thank you for your immediate attention to this urgent request. I look forward to your prompt response.

Sincerely,

Daniel J. Thornburgh



**Daniel J. Thornburgh**
Partner at Aylstock, Witkin, Kreis &
Overholtz, PLLC
**Phone:** 850-202-1010
**Mobile:** 850-776-7788
**Email :** dthornburgh@awkolaw.com

17 E. Main Street, Ste 200
Pensacola, FL 32503
www.awkolaw.com


CONFIDENTIAL ATTORNEY WORK PRODUCT
This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.

## Daniel Thornburgh

| From: | Daniel Thornburgh |
|---|---|
| Sent: | Tuesday, May 30, 2023 2:44 PM |
| To: | legal@binance.us |
| Cc: | Brandon Craver; Cassandra Bell; Brad Bradford |
| Subject: | FW: Urgent Request for Cooperation - Freeze of Wallets per Federal Court Order |
| Attachments: | Ohlin Marco and Natasha Paracha -Order Granting Emergency Motion for a Temporary Restraining Order.pdf |
| Importance: | High |

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | legal@binance.us | | |
| | Brandon Craver | Delivered: 5/30/2023 2:44 PM | |
| | Cassandra Bell | Delivered: 5/30/2023 2:44 PM | Read: 5/30/2023 2:46 PM |
| | Brad Bradford | Delivered: 5/30/2023 2:44 PM | |

Dear Binance Legal Representative,

I hope this email finds you well. I am writing to you on behalf of my clients, Natasha Paracha and Marco Ohlin, who were unfortunate victims of a scam resulting in the theft of their digital assets. After extensive investigation with the assistance of Cipherblade, we have successfully traced a portion of the stolen cryptocurrency assets to Binance wallets.

I have filed a lawsuit on behalf of my clients against the perpetrators of this scam. Recently, the U.S. District Court judge presiding over the lawsuit issued an *ex parte* order, attached to this email, granting our Emergency Motion for a Temporary Restraining Order, freezing several wallets used by the scammers to launder the stolen assets, including wallets on the Binance exchange. I am writing to request your cooperation and ask that take immediate action and freeze the following wallets:

| 1. | Binance | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD | BTC | 18.0658365 |
|---|---|---|---|---|
| 2. | Binance | 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84 323634E | ETH | 19.110906 |

We are preparing to serve the Defendants (the scammers) with a copy of the lawsuit and summons. However, it is imperative that we ensure that the assets are frozen before we serve the Defendants to protect the stolen assets from being moved and hidden. Given the urgency and critical nature of this matter, I kindly request that you promptly take the necessary steps to protect these assets from being moved by freezing the aforementioned wallets. I trust that you

1

will cooperate with this request and act in accordance with your commitment to maintaining a secure and compliant platform and preventing bad actors from using your exchange to launder stolen cryptocurrency.

To ensure a seamless process, I kindly request that you confirm, in writing, that the above wallets have been frozen, in accordance with the attached order. If there are any technical or procedural considerations that need to be addressed, please do not hesitate to contact me directly at the following telephone numbers: 1-850-202-2213 (direct office line) or 1-850-776-7788 (cell), or by via replying to all on this email string.

Your cooperation in this matter is greatly appreciated and will significantly contribute to our ongoing efforts to protect and recover my clients' stolen assets. I am confident that by working together, we can mitigate further harm.

Thank you for your immediate attention to this urgent request. I look forward to your prompt response.

Sincerely,

Daniel J. Thornburgh



**Daniel J. Thornburgh**
Partner at Aylstock, Witkin, Kreis &
Overholtz, PLLC
**Phone:** 850-202-1010
**Mobile:** 850-776-7788
**Email :** dthornburgh@awkolaw.com
17 E. Main Street, Ste 200
Pensacola, FL 32503
www.awkolaw.com


CONFIDENTIAL ATTORNEY WORK PRODUCT
This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.

2

## Daniel Thornburgh

| | |
|---|---|
| **From:** | Caitlin Elliott <caitlin.elliott@binance.us> |
| **Sent:** | Tuesday, May 30, 2023 2:32 PM |
| **To:** | Daniel Thornburgh |
| **Subject:** | BAM Trading Services Inc. d/b/a Binance.US Response to Temporary Restraining Order in Marco Ohlin and Natasha Paracha v. Defendant 1, Case No. 3:23cv8856-TKW-HTC |
| **Attachments:** | BAM_3-23cv-08856-TKW-HTC_VOL001 Response Letter.pdf |

Dear Counsel,

I am writing to you on behalf of the Legal Department at BAM Trading Services Inc. d/b/a Binance.US ("BAM Trading") concerning the above referenced temporary restraining order dated May 26, 2023 (the "Order").

BAM Trading's response letter is attached hereto and password-protected.

The password needed to access the response letter will be emailed under separate cover. Please let us know if you have any difficulty accessing these materials.

Best regards,
--


### Caitlin Elliott
Paralegal | Legal
Email: caitlin.elliott@binance.us


CONFIDENTIALITY NOTICE: This email, including its attachments, is intended for use only by the recipient named herein and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you believe you have received this email in error, please notify the sender immediately and permanently destroy the original email and its attachments.



Caitlin Elliott
Legal Operations
BAM Trading Services Inc. d/b/a Binance.US
252 NW 29th Street, 9th Floor, Suite 905
Miami, FL 33127
caitlin.elliott@binance.us

May 30, 2023

**VIA EMAIL (dthornburgh@awkolaw.com)**

Daniel J. Thornburgh, Esq.
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main Street, Ste. 200
Pensacola, FL 32503

Re:   **Temporary Restraining Order to BAM Trading Services Inc. in *Marco Ohlin and
Natasha Paracha v. Defendant 1 a/k/a Selina, et al.*, Case No. 3:23cv8856-TKW-HTC**

Dear Counsel:

I write to you on behalf of the Legal Department at BAM Trading Services Inc. d/b/a Binance.US ("BAM Trading") in response to the above referenced temporary restraining order dated May 26, 2023 (the "Order").

BAM Trading has performed a diligent review of its records and did not identify any records responsive to the Order. Specifically, no information pertaining to the target wallets in the Order exists on the BAM Trading platform.

Please note that BAM Trading and Binance.com are separate companies. BAM Trading is a licensed and regulated digital asset marketplace based in the United States. BAM Trading supports and offers services only to residents of the United States who conduct trading on our platform in licensed and supported regions within the United States. BAM Trading does not have access to Binance.com's user data and therefore cannot respond to legal requests on Binance.com's behalf. You can contact Binance.com via their portal at https://www.binance.com/en/binance-legal to submit your Order.

Please let me know if you have any questions or would like to discuss the foregoing.

In providing the foregoing response, BAM Trading waives no objection, right, or defense, all of which are expressly reserved. The foregoing information was gathered by BAM Trading based upon a reasonable review of its records and the information presently in its possession or otherwise reasonably available to it. BAM Trading reserves its right to amend the foregoing response should it obtain new information or documents which materially affect the substance thereof.

Regards,

Caitlin Elliott

1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MARCO OHLIN and NATASHA PARACHA,**

      **Plaintiffs,**

**v.**                          **Case No. 3:23cv8856-TKW-HTC**

**DEFENDANT 1 a/k/a SELINA, et al.,**

      **Defendants.**

_____/

## TEMPORARY RESTRAINING ORDER

On April 26, 2023, Plaintiffs filed a complaint against 21 yet unidentified Defendants for (1) conversion, (2) unjust enrichment, (3) imposition of a constructive trust and disgorgement, (4) and conspiracy related to cryptocurrency fraud.  Plaintiffs amended their complaint on May 18, 2023, and this morning, Plaintiffs filed an *ex parte* emergency motion for a temporary restraining order (TRO) to freeze assets in certain cryptocurrency "wallets."  Plaintiffs claim that they have identified the particular cryptocurrency wallets where Defendants have secreted Plaintiffs' stolen assets, and they ask the Court to issue an order preventing Defendants from moving or transferring those assets from the identified wallets. Upon due consideration of Plaintiffs' *ex parte* emergency motion (Doc. 5) and the attachments thereto, as well as the first amended complaint (Doc. 3), the Court finds

that Plaintiffs have met the requirements for issuance of an *ex parte* TRO.

## Background

Plaintiffs claim that "Defendant 1," who they also refer to as "Selina," deceived them into transferring approximately $862,318.73 worth of various cryptocurrencies into accounts that Defendant 1 misrepresented to be legitimate accounts established for Plaintiffs' benefit but in actuality were Defendants' own privately controlled accounts. Once Plaintiffs transferred their cryptocurrency assets into these fraudulent accounts, Defendants allegedly converted them for their own benefit.

Plaintiffs do not know the true identity of Defendant 1 or her alleged co-conspirators, but Plaintiffs believe Defendant 1 to be "of Chinese descent" and currently "located in China" based on IP address information.

Through blockchain analytics tracing, Plaintiffs have identified the following cryptocurrency wallet addresses at cryptocurrency exchanges BINANCE, OKX (OKEx) and GEMINI—wallet addresses which are believed to be owned or controlled by Defendants—that were used to launder the assets stolen from Plaintiffs:

| | EXCHANGE | | | |
|---|---|---|---|---|
| 1. | Binance | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD | BTC | 18.06583687 |
| | | | TOTAL BTC | 18.06583687 |
| 2. | Binance | 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E | ETH | 19.110906 |
| 3. | Gemini | 0xD620c2Db204247c3C4db370999C90d7b1E5023A2 | ETH | 0.098604 |
| | | | TOTAL ETH | 19.20951 |
| 4. | OKX | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 | USDT | 210000 |
| 5 | OKX | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d | USDT | 165025 |
| 6. | OKX | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | USDT | 24139 |
| | | | TOTAL USDT | 399,164 |

In addition to the foregoing, as of the date of this filing, blockchain analytics have traced Plaintiffs' stolen funds to and/or through the following cryptocurrency wallet addresses, which are believed to be owned or controlled by Defendants and which are believed to still be holding at least some of the assets stolen from Plaintiffs:

| | DESTI... | | | |
|---|---|---|---|---|
| 1 | 0x389505f098a29a994A3ed0e674f07cd451dde42C | ETH | 0.735681 |

3

| 2 | 0x000F422887eA7d370FF31173FD3B46c8F66A5B1c | ETH | 0.43432389 |
|---|---|---|---|
| | | **TOTAL ETH** | **1.17000489** |

Plaintiffs request that the Court freeze the assets contained in the cryptocurrency wallet addresses identified above (the "Destination Addresses"). Given that Defendants are currently unidentified, Plaintiffs have not served them with process, but propose to eventually do so through the use of a "Non-Fungible token" sent directly to the Destination Addresses.

## Analysis

The Court finds that it has the authority to issue a TRO freezing assets under the circumstances alleged and substantiated by Plaintiffs, and it finds that it has the authority to do so without first issuing notice to Defendants.

*First*, while a court cannot freeze a defendant's assets prior to trial in a case where only money damages are at issue, *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999), Plaintiffs have sought the equitable remedy of a constructive trust here. "Where equitable relief is sought … a district court can appropriately issue an asset freeze order to preserve funds for the equitable remedy, even where the request for equitable relief is coupled with requests for money damages." *Absolute Activist Value Master Fund Ltd. v. Devine*, 2016 WL 1572388, at *3 (M.D. Fla. Apr. 19, 2016) (internal citations omitted). Further, at least one other court in this circuit has issued a TRO in this exact circumstance—an asset

4

freeze of cryptocurrency wallets controlled by yet unidentified defendants. *See Astrove v. Doe*, 2022 WL 2805315 (S.D. Fla. April 21, 2022).

*Second*, Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the defendant where the adverse party has alleged (1) "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The Court finds that Plaintiffs have met these elements because: Plaintiffs' declarations show that the stolen assets could be transferred from the Destination Addresses (perhaps to unidentifiable and/or unretrievable locations) at any moment, making time of the essence; the thrust of Plaintiffs' complaint is that Defendants are attempting to conceal their assets, which gives the Court every reason to believe the Defendants would further hide those assets if they were given notice, *cf. ABG EPE IP, LLC v. 3C Smart Store*, 2021 WL 2452636, at *4 (N.D. Ga. Apr. 17, 2021) (ex parte TRO warranted to "avoid affording Defendants an opportunity to destroy relevant evidence, much of which is in electronic form"); and, finally, Plaintiffs have not yet identified Defendants and therefore could not be expected to give them notice.

Once the procedural requirements of Fed. R. Civ. P. 65(b)(1) are met, "[a]

5

TRO ... is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO ... is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO ... would cause to the non-movant; and (d) the TRO ... would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (quoting *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985)). "[T]he first two factors ... are the most critical," *Niken v. Holder*, 556 U.S. 418, 435 (2009); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) ("The first of the four prerequisites to temporary injunctive relief is generally the most important.").

Here, Plaintiffs have shown a substantial likelihood of success on the merits of their claims against Defendants for conversion, unjust enrichment, and imposition of a constructive trust and disgorgement of funds held by Defendants in the Destination Addresses.   Plaintiffs have alleged and provided evidence that Defendants acquired Plaintiffs' assets fraudulently and have no legitimate claim to them.

Plaintiffs have also shown that irreparable harm will ensue absent a TRO. Considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze the Destination Addresses to maintain the *status quo* to avoid dissipation of the money illegally taken

6

from Plaintiffs.

The threatened injury to Plaintiffs also outweighs any harm Defendants may suffer

by virtue of the TRO. Maintaining the assets within the Destination Addresses is perhaps

Plaintiff's only realistic chance at a future recovery in this case, and Defendants will suffer

at worst a temporary inability to move assets that it appears they have no right to possess.

A TRO will not be adverse to the public interest because it will promote the

rule of law and investor confidence in cryptocurrency transactions.

Lastly, because of the apparent strength of Plaintiffs' case, the Court

concludes that Plaintiffs need only provide a modest amount of security pursuant to

Fed. R. Civ. P. 65(c) at this time.

### Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' *ex parte*

emergency motion for a temporary restraining order Doc. 5 is **GRANTED**. A

temporary restraining order is entered as follows:

1.      Defendants and their agents, servants, employees, attorneys, partners,

successors, assigns, and all other persons or entities through which she/they act or

who act in active concert or participation with any of them, who receive actual notice

of this Order by personal service or otherwise, whether acting directly or through any

trust, corporation, subsidiary, division or other device, or any of them, are hereby

temporarily restrained from withdrawing, transferring, or encumbering any assets

7

currently held in the Destination Addresses.

2.      Notice was not provided to Defendants prior to issuance of this Order for the reasons stated above.

3.      Pursuant to Fed. R. Civ. P. 65(c), which requires that security must typically be posted by Plaintiffs, the Court has determined that One Hundred Dollars ($100.00) is adequate to pay the costs and damages, if any, sustained by any party found to have been wrongfully enjoined or restrained by this Order. Therefore, pursuant to Fed. R. Civ. P. 65, Plaintiffs shall — within seven (7) calendar days of this Order — post a cash bond in the amount of One Hundred Dollars ($100.00) to secure this Order.

4.      Upon a showing of good cause by any party-of-interest, the Court may enter a further order amending the amount of Plaintiffs' bond requirement as a means of providing a source of funds to which Defendants may be entitled for a wrongful injunction or restraint.

5.      This Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendants consent that to its extension for a longer period of time. However, the Court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

8

6.     A hearing to determine whether to convert this temporary restraining order into a preliminary injunction is set for Thursday, June 8, at 9:00 A.M. central time in Courtroom 4 North at the United States Courthouse, 1 North Palafox Street, Pensacola, Florida, 32502.

**DONE and ORDERED** this 26th day of May, 2023, at 2:00 P.M. central time.

**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

9

PLAINTIFF'S
EXHIBIT
2

**Daniel Thornburgh**

| | |
|---|---|
| **From:** | Daniel Thornburgh |
| **Sent:** | Tuesday, May 30, 2023 4:58 PM |
| **To:** | enforcement@okx.com |
| **Cc:** | Cassandra Bell; Brandon Craver; Brad Bradford |
| **Subject:** | Urgent Request for Cooperation - Freeze of Wallets per Federal Court Order |
| **Attachments:** | Ohlin Marco and Natasha Paracha -Order Granting Emergency Motion for a Temporary Restraining Order.pdf; Declaration of Justin Maile - Cipherblade Investigator.pdf |

To Whom It May Concern:

I hope this email finds you well. I am writing to you on behalf of my clients, Natasha Paracha and Marco Ohlin, who were unfortunate victims of a scam resulting in the theft of their digital assets. After extensive investigation with the assistance of Cipherblade, we have successfully traced a portion of the stolen cryptocurrency assets to OKX wallets. See attached Declaration of Justin Maile, an investigator at Cipherblade.

I have filed a lawsuit against the perpetrators of this scam. See excerpts from the Complaint below. Recently, the U.S. District Court judge presiding over the lawsuit issued an *ex parte* order, attached to this email, granting our Emergency Motion for a Temporary Restraining Order, freezing several wallets used by the scammers to launder the stolen assets, including wallets on the OKX exchange. I am writing to request your cooperation and ask that take immediate action and freeze the following OKX wallets:

| | | | |
|---|---|---|---|
| 4. | OKX | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 | USD |
| 5. | OKX | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d | USD |
| 6. | OKX | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | USD |
| | | **TOTAL USDT** | |

We are preparing to serve the Defendants (the scammers) with a copy of the lawsuit and summons. However, it is imperative that we ensure that the assets are frozen before we serve the Defendants to protect the stolen assets from being moved and hidden. Given the urgency

and critical nature of this matter, I kindly request that you promptly take the necessary steps to protect these assets from being moved by freezing the aforementioned wallets. I trust that you will cooperate with this request and act in accordance with your commitment to maintaining a secure and compliant platform and preventing bad actors from using your exchange to launder stolen cryptocurrency.

For your convenience and to assist you in helping us with our request, I have provided below an excerpt from the filed complaint detailing the transaction hash IDs and Cipherblade's work tracing a significant portion of the stolen assets to the OKX exchange:

39.     Within the time frame of August 19, 2022, and September

Plaintiff MARCO OHLIN transferred a total of 399,176.46 USDT (Tethe

at that time, a total of $399,606.28 USD, to a third virtual wallet address c

by    Defendant    "1"    0x8b6636BbBf3F01b3EC67845556042F995

("Defendant "1" Third Wallet") from Plaintiff MARCO OHLIN'S virtu

address    0xeB2629a2734e272Bcc07BDA959863f316F4bD4Cf    ("F

Wallet"). The table below lists the respective transactions:

| Date (EST) | Amount Sent | Defendant "1" Wallet Address | Transaction I |
|---|---|---|---|
| 8/19/2022 | 79,997.20 ($80,207.53 USD) | 0x8b6636BbBf3F01b3EC678455560 42 F995C8fd5A3 | 0x200e4019a3581ca5572 76df4a4fc79c12d495c 234 |
| 8/20/2022 | 70,014.85 ($70,116.05 USD) | 0x8b6636BbBf3F01b3EC678455560 42 F995C8fd5A3 | 0xf319c2875f8ec792fc3d 4283f52cf5091f69233 eb6 |
| 8/20/2022 | 15,025.08 ($15,046.79 USD) | 0x8b6636BbBf3F01b3EC678455560 42 F995C8fd5A3 | 0xf401b61c87d4fa61536 6ac2e987838b3fae77c 62 |
| 9/02/2022 | 234,139.33 ($234,235.91 USD) | 0xA1b432e2BF9CA4C4F6428a438e 0C D4C1AD1CBcA2 | 0x8b5d14a1a673b028bfb 02f5b61195b4b671de dc0c8 |

40.     Defendant "1" then transferred Plaintiffs' digital asse

Defendant "1"'s wallet to the wallet address as shown in the following tran

| Date (EST) | Amount Sent | Addresses | Transac |
|---|---|---|---|
| 8/20/ 2022 03:25 | 30.000.00 USDT | 1st and 2nd USDT went<br>in tranches of 5x 30k to<br>0xcA9B4a51C2ee3F6543<br>2f41ea71B6C693551B38F<br>4 (OKX) | 0xe41b49515156a1d8<br>d1da43bcdd858327 |

| | | | | |
|---|---|---|---|---|
| 8/20/2022 03:38 | 30.000.00 USDT | and | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0x9e87dbb52040128a8a9c027d19ba57d |
| 8/20/2022 03:47 | 30.000.00 USDT | and | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xac11e033aac17327d463aec72a7283d0 |
| 8/20/2022 04:27 | 30.000.00 USDT | and | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0xf48aaca61884caca7d3ca574c483513a |
| 8/20/2022 17:30 | 30.000.00 USDT | and | 0x007Ac806DA055aaa3ca720A3a054916B7679e83A | 0x69f25195c15a3394b4f3db8af71c484bc |
| 8/20/2022 17:31 | 30.000.00 USDT | from there to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 (OKX) | 0xe2d5fac9f028618fb934b029848a4c68 |
| 8/21/2022 02:44 | 30.000.00 USDT | 3rd USDT went to 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | | 0x0fab78a2856539cbd158d0ac883fe778c |
| 9/2/2022 15:49 | 234.139.33 USDT | 4th USDT went to 0xD27F7b979364834Db66e87de441186AdbDc271F9 | | 0x921ff7e8647ba6c30b744e75624693a7 |
| 9/2/2022 15:50 | 30.000.00 USDT | from there to | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d (OKX) | 0xb03a69c8dab43c941560f7779fd34081 |
| 9/2/2022 15:51 | 30.000.00 USDT | and to | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F | 0x7ecfcd436c1172b99c2249cb9316c897 |

| | | | | |
|---|---|---|---|---|
| 16:18 | USDT | | 0d (OKX) | |
| 9/2/ 2022 16:18 | 30.000.00 USDT | and to | 0xcA9B4a51C2ee3F6543 2f41ea71B6C693551B38F 4 (OKX) | 0xaa07473701fb41c4 ac8aadbd345f7638|
| 9/2/ 2022 16:50 | 30.000.00 USDT | and to | 0x1ce6880Ae94db5FBb57 72EdA73A29c101F4D7D 0d (OKX) | 0xfaec94859f29ccc2{ 7dad608bf8730095 |
| 9/2/ 2022 16:55 | 30.000.00 USDT | and to | 0xcA9B4a51C2ee3F6543 2f41ea71B6C693551B38F 4 (OKX) | 0x4fb0fe8cd9b6427a 088f06426dd5e686 |
| 9/2/ 2022 17:52 | 1.000.00 USDT | and to | 0xE62462b570A34Cc19C 59005289D193fb2fB6E3E A | 0x83cb527f8227c255 571dbdc55c14ecbf( |
| 9/3/ 2022 02:54 | 30.000.00 USDT | and to | 0xcA9B4a51C2ee3F6543 2f41ea71B6C693551B38F 4 (OKX) | 0x7e41c39295cda8f0 23d7ca7fb95c66a8 |
| 9/3/ 2022 02:55 | 30.000.00 USDT | and to | 0xE62462b570A34Cc19C 59005289D193fb2fB6E3E A | 0xf0627793adcec710 421dd1e5e72f4afca |
| 9/3/ 2022 02:55 | 30.000.00 USDT | and to | 0xE62462b570A34Cc19C 59005289D193fb2fB6E3E A | 0xf1c82c145f40de93 6f435dfd0b07bc7f4 |

Here is an illustration provided by Cipherblade (using Chainalysis Reactor Software) which traces the path of these stolen assets to your exchange:



To ensure a seamless process, I kindly request that you confirm, in writing, that the above wallets have been frozen, in accordance with the attached order.  If there are any technical or procedural considerations that need to be addressed, please do not hesitate to contact me directly at the following telephone numbers: 1-850-202-2213 (direct office line) or 1-850-776-7788 (cell), or by replying to all on this email string.

Your cooperation in this matter is greatly appreciated and will significantly contribute to our ongoing efforts to protect and recover my clients' stolen assets. I am confident that by working together, we can mitigate further harm.

Thank you for your immediate attention to this urgent request. I look forward to your prompt response.

Sincerely,

Daniel J. Thornburgh, Esq.



**Daniel J. Thornburgh**
Partner at Aylstock, Witkin, Kreis & Overholtz, PLLC

**Phone:** 850-202-1010
**Mobile:** 850-776-7788
**Email :** dthornburgh@awkolaw.com

17 E. Main Street, Ste 200
Pensacola, FL 32503

www.awkolaw.com


CONFIDENTIAL ATTORNEY WORK PRODUCT
This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.

# Daniel Thornburgh

| | |
|---|---|
| **From:** | Lily Jones (OKX Legal Team) <enforcement@okx.com> |
| **Sent:** | Thursday, June 1, 2023 5:37 AM |
| **To:** | Daniel Thornburgh |
| **Subject:** | [OKX] Re: Urgent Request for Cooperation - Freeze of Wallets per Federal Court Order |

Your request (#3517418) has been updated. To add additional comments, reply to this email.

 **Lily Jones** (OKX)

Dear Daniel,

Thank you for contacting OKX.

Also, kindly note that the email address enforcement@okx.com is designated for communications with law enforcement agencies only, while the email address support@okx.com is meant for general requests from OKX clients. Neither email addresses are intended to receive any legal correspondence or service of legal process.

As OKX is a company registered in the Republic of Seychelles and therefore outside your jurisdiction, we are not obligated to respond to your request nor any request made under a non-Seychelles court order. Having said that, for this particular instance, we have decided to respond on a voluntary and one-off basis, and have placed a voluntary freeze on the relevant account(s) for **14 days** from this email.

During this period, please refer this matter to your local law enforcement authorities and request that they reach out to us at enforcement@okx.com as per our Law Enforcement Request Guide. We will consider assisting with any **direct** requests from law enforcement authorities on a voluntary and without prejudice basis in accordance with our internal policies, including requests to extend our voluntary freeze in appropriate circumstances, which may require a court order.

**Please note that if we do not receive any request from law enforcement authorities within the aforementioned deadline, we may proceed to unfreeze the account(s) without further notice.** We may also reconsider the voluntary freeze before it expires or require additional information from you if our client challenges the same, or if our internal investigation (if any) suggests that you have shared inaccurate or unreliable information with us.

1

This (and any subsequent) voluntary responses, as well as our decision to implement a voluntary freeze, are without prejudice, are not intended, and shall not be construed, as a partial or full waiver of any right to challenge jurisdiction or to require proper service or any legal process, and should be kept strictly confidential.

Thank you.


Best Regards,

Lily | OKX Team

This message contains confidential information and is intended only for the individual named. Please notify the sender immediately by email if you have received this email by mistake and delete this email from your system. If you are not the intended recipient you must not disseminate, distribute or copy this email. Email transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The company accepts no liability for the content of this email, or for the consequences of any actions taken on the basis of the information provided unless that information is subsequently confirmed in writing. This email is a service from OKX.



PLAINTIFF'S
EXHIBIT
3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MARCO OHLIN and NATASHA
PARACHA,

           Plaintiffs,

v.

DEFENDANT "1" a/k/a "SELINA"
and JOHN DOES 1-20, as yet
unidentified Individuals, Business
Entities and/or Unincorporated
Associations,

           Defendants.

Case No.:23cv8856-TKW-HTC

## DECLARATION OF MARCO OHLIN

Pursuant to 28 U.S.C. § 1746, I, MARCO OHLIN, declare the following:

1. My name is MARCO OHLIN. I am over eighteen (18) years of age, and I am one of the Plaintiffs in the above-captioned lawsuit. I make this affidavit based upon my personal knowledge.

2. Attached to this Declaration is a true and correct copy of a communication I received from the U.S. Department of Homeland Security, United States Secret Service on June 1, 2023, notifying me that on March 3, 2023, in George Town, Grand Cayman Islands, digital wallets were seized from an individual named Chantou Yorn containing 0.9989 Bitcoin (BTC) and 55,095.5000 Thether (USDT), totally $83,216.75 USD.

3. While I am still waiting on official confirmation from the United States Secret Service, it is my understanding that the wallets seized on March 3, 2023, included the wallet identified as "Wallet 1" in the *ex parte* Emergency

Motion for a Temporary Restraining Order, which is the scammer wallet that was used to launder over 18 of our stolen Bitcoin.[1]

4. In today's market, a single BTC is worth approximately $26,373 USD and the value of 18 BTC would be worth nearly $475,000 USD.

5. Thus, if this seizure included "Wallet 1", as represented by Special Agent Tucker in his email communication, then the assets in this wallet have been significantly depleted.

FURTHER DECLARANT SAYETH NAUGHT.

## **VERIFICATION**

I, MARCO OHLIN, hereby verify and declare under penalty of perjury that I have read the foregoing declaration and know the contents thereof, and that the matters contained in the declaration are true to my own knowledge.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

/s/ Marco Ohlin

DATED this 6th day of June 2023.

---

[1] Email from Special Agent Dylan Tucker, U.S. Secret Service, attached hereto as Ex. B

Exhibit "A"



**U.S. Department of Homeland Security**
**UNITED STATES SECRET SERVICE**

06/01/2023

Marco Ohlin
2806 32nd Street
San Diego, CA 92014

RE:     Seizure of Property

> Agency Case Number     : 108-763-307595
> Seizure Number(s)      : 108-2023-002
> Asset Identification   : See Attached List

Dear Mr. Ohlin:

On 03/03/2023 in George Town, Grand Cayman, Cayman Islands, the properties described in the attached list were seized for forfeiture by the United States Secret Service (USSS) from Chanthou Yorn. These items are subject to forfeiture pursuant to Title 18 USC 981 as properties that were used in, or acquired by, violation of Title 18 USC 1956, predicated upon a violation of Title 18 USC 1343.

As you (or, if applicable, your organization) have been identified as a potential interested party in this matter, this letter is to inform you of the following options:

1.  You may agree to the forfeiture and petition the USSS for return/remission of the forfeited property by filing the attached "Petition for Remission/Mitigation" form.

2.  You may disagree with the forfeiture and seek to contest it in United States District Court by filing a claim with the attached "Seized Asset Claim Form."

3.  You may have no interest in this property and therefore do not need to respond to this letter in any manner.

## To Request Remission or Mitigation of Forfeiture

If you agree with the USSS that the property is subject to forfeiture and wish to have the USSS, through the administrative process, determine whether to remit (i.e., return the property (or your interest in it) or the value thereof) or mitigate (i.e., return the property or the value thereof upon imposition of a penalty) the forfeiture, you must submit the attached "Petition for Remission or Mitigation" form to the address indicated below.

The petition must include proof of your interest in the property supported by bills of sale, contracts, mortgages, or other satisfactory documentary evidence and must include the facts and circumstances that you believe justify remission or mitigation of forfeiture. In order to obtain remission or mitigation of the forfeiture, the petitioner must satisfactorily establish the following:

1. With respect to a property interest in existence at the time that the illegal conduct giving rise to forfeiture took place, a petitioner must establish the following:
   a. a legally cognizable property interest in the seized property; and
   b. no knowledge of the conduct giving rise to the forfeiture; or
   c. upon learning of the conduct giving rise to the forfeiture, the petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

2. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a petition must establish:
   a. a legally cognizable property interest in the seized property;
   b. at the time the property interest was acquired, that the petitioner was a bona fide purchaser or seller for value; and
   c. that the petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

3. A petitioner who cannot establish a property interest in the property, may obtain remission or mitigation of the forfeiture if the petition established that:
   a. a pecuniary loss of a specific amount has been directly caused by the criminal offense, or related offense, that was the underlying basis for the forfeiture supported by documentary evidence including invoices and receipts;
   b. the pecuniary loss is the direct result of the illegal acts and is not the result of otherwise lawful acts that were committed in the course of a criminal offense;
   c. the victim did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards the commission of the offense, or related offense, that was the underlying basis of the forfeiture;
   d. the victim has not in fact been compensated for the wrongful loss of the property by the perpetrator or others; and
   e. the victim does not have recourse reasonably available to other assets from which to obtain compensation for the wrongful loss of the property.

The petition should be filed within thirty-five (35) days of the date of this letter.

## To Contest the Forfeiture

If you disagree with the USSS that the property is subject to forfeiture and want the case tried in U.S. District Court, you must file a Claim of Ownership using the attached "Seized Asset Claim Form" with the USSS by July 06, 2023. **Please note:** if your sole intention is to request remission or mitigation of forfeited property (see above), and you are **not** seeking to challenge the forfeiture in court, you need only submit the enclosed "Petition for Remission or Mitigation" form; in that instance it is unnecessary to submit **both** the Petition for Remission or Mitigation" form **and** the "Seized Asset Claim" form.

If not later than fifteen days after the USSS receives a request for Possession of the Property the property is not released, the claimant may file a petition for release of the property in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

Please ensure that any correspondence regarding this matter references the Seizure Number provided above.   All documents should be submitted to the following address via commercial carrier (e.g., FedEx, DHL, UPS).

Communications Center - AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223


Attachments

```
┌─────────────────────────────────────────────────────────┐
│                    FOR GOVERNMENT USE ONLY                │
│  DATE PETITION RECEIVED: _____          │
│  PETITION TIMELY FILED:   YES: _____    NO: _____         │
│  PROPERTY STATUS:        _____          │
│  FORFEITURE STATUS:      _____          │
│                          _____          │
└─────────────────────────────────────────────────────────┘
```

CASE NUMBER: _____     SEIZURE NUMBER: _____

## PETITION FOR REMISSION/MITIGATION

**Petitioner:**
**Street Address:** _____
_____

**City:** _____   **State:** _____
**Contact:** _____   **Telephone:** _____
**Email Address:** _____   **Fax:** _____

*Petitioner does not contest the forfeiture, but agrees with Secret Service that property seized in the referenced case is subject to forfeiture by the U.S. government. In filing this Petition, Petitioner submits to an administrative (i.e., non-judicial) process, whereby Secret Service has authority to consider and determine Petitioner's interest, if any, in the property seized. Where a valid interest is established, seized property and/or the value thereof may, depending upon the status of the property and/or forfeiture, be remitted or returned to Petitioner, less applicable costs and expenses. Where mitigation is recommended, monetary penalties may also be imposed.*

1. **Please indicate your status in filing this Petition:** *(check appropriate box)*

   ☐ Petitioner is an **OWNER** or **LIENHOLDER**.

   With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, an **OWNER** or **LIENHOLDER** must establish:

   a. a legally cognizable property interest in seized property; *and*
   b. no knowledge of the conduct giving rise to the forfeiture; *or*
   c. upon learning of conduct giving rise to forfeiture, Petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

   ☐ Petitioner is a **BONAFIDE PURCHASER** or **SELLER FOR VALUE**.

   With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a **BONAFIDE PURCHASER** or **SELLER FOR VALUE** must establish:

   a. a legally cognizable property interest in seized property;
   b. at the time the property interest was acquired, the Petitioner was a **BONAFIDE PURCHASER** or **SELLER FOR VALUE**; *and*
   c. the Petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

   ☐ Petitioner is a **VICTIM** of fraud.

   A Petitioner who cannot establish a proper interest in seized property may obtain remission or mitigation of the forfeiture as a **VICTIM**, if the Petitioner can establish:

   a. It was a **VICTIM** of the offense giving rise to the forfeiture action;
   b. Petitioner had no knowledge of, *or* was not willfully blind to, the violation(s) giving rise to the forfeiture action; *and*
   c. Petitioner did all that reasonably could be expected under the circumstances to prevent the activity giving rise to the forfeiture *or* the illegal use of the property.

```
FOR GOVERNMENT AGENCY USE ONLY
DATE CLAIM RECEIVED:

_____

CLAIM TIMELY FILED?  Y☐ N☐
```

## SEIZED ASSET CLAIM FORM

**NAME:** _____    **Seizure No.:** _____
**ADDRESS:** _____    **Case No.:** _____
_____    **City & State of Seizure:** _____
**TELEPHONE NO.: (____)** _____

### PART I

List the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

### PART II

State your interest in each item of property listed above. Please provide any documents that support your claim of interest in these items. Supporting documentation includes titles, registrations, bills of sale, receipts, etc. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Asset List for Seizure Notice

Case Number     : 108-763-307595
Where Seized    : George Town, Grand Cayman, Cayman Islands
Seized From     : Chanthou Yorn

| Asset ID | Asset Description | Asset Value |
|---|---|---|
| 108-2023-002-0001 | 0.9989 Bitcoin from Binance User ID #255521239 belonging to Chanthou Yorn | $28,109.75 |
| 108-2023-002-0002 | 55,095.5000 Tether from Binance User ID #255521239 belonging to Chanthou Yorn | $55,107.90 |

Exhibit "B"

## Daniel Thornburgh

| | |
|---|---|
| **From:** | DYLAN TUCKER (NYC) <DYLAN.TUCKER@usss.dhs.gov> |
| **Sent:** | Wednesday, May 31, 2023 10:18 AM |
| **To:** | Daniel Thornburgh |
| **Cc:** | HANNAH DESSERT (NYC) |
| **Subject:** | RE: Marco Ohlin - Crypto Theft Investigation |

#1 – Wallet Seized several months ago.

For the rest—they weren't seized/frozen as a part of my investigation(s) to my recollection, however, I cannot speak on other agents/offices.

Thanks,

**From:** Daniel Thornburgh <DThornburgh@awkolaw.com>
**Sent:** Wednesday, May 31, 2023 10:57 AM
**To:** DYLAN TUCKER (NYC) <DYLAN.TUCKER@usss.dhs.gov>; HANNAH DESSERT (NYC) <Hannah.Dessert@usss.dhs.gov>
**Subject:** RE: Marco Ohlin - Crypto Theft Investigation

Good morning. We filed our lawsuit a few weeks ago. On Friday, the USDC judge presiding over the case granted our emergency motion for a TRO, freezing various wallets owned by the scammers. We are trying to work with the exchanges (Binance and OKX) to get them to comply; however, they have not yet responded to my requests. Can you tell me whether any of the below wallets were frozen and/or seized as part of your investigation and recovery efforts:

| 1. | Binance | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD | BTC | 18.06583687 |
|---|---|---|---|---|
| | | | **TOTAL BTC** | **18.06583687** |
| 2. | Binance | 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E | ETH | 19.110906 |
| 3. | Gemini | 0xD620c2Db204247c3C4db370999C90d7b1E5023A2 | ETH | 0.098604 |
| | | | **TOTAL ETH** | **19.20951** |
| 4. | OKX | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 | USDT | 210000 |
| 5 | OKX | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d | USDT | 165025 |
| 6. | OKX | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | USDT | 24139 |
| | | | **TOTAL USDT** | **399,164** |

Thanks for your help with this.  I look forward to hearing from you.

Sincerely,
Dan



**Daniel J. Thornburgh**
Partner at Aylstock, Witkin, Kreis & Overholtz, PLLC

Phone: 850-202-1010
Mobile: 850-776-7788
Email : dthornburgh@awkolaw.com

17 E. Main Street, Ste 200
Pensacola, FL 32503

**www.awkolaw.com**



CONFIDENTIAL ATTORNEY WORK PRODUCT
This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.