UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCO OHLIN and NATASHA PARACHA,

    Plaintiffs,

v.                                             Case No. 3:23cv8856-TKW-HTC

DEFENDANT 1 a/k/a SELINA, et al.,

    Defendants.

_____/

## **PRELIMINARY INJUNCTION**

This case is before the Court based on Plaintiffs' motion for a preliminary injunction (Doc. 5).[1] The Court held a hearing on the motion on June 22, 2023, at which the Court found based on the evidence submitted by Plaintiffs in support of the motion—*e.g.*, Docs. 5-1, 5-2, 8-1, 10-1—that Plaintiffs are entitled to a preliminary injunction. This Order memorializes that ruling.

### Facts

Plaintiffs were allegedly deceived by an individual they knew only as "Selina" to transfer approximately $862,318.73 worth of various cryptocurrencies into accounts that Selina misrepresented to be legitimate accounts established for

---

[1] The motion only requested a temporary restraining order (TRO), but the Court has construed it as a motion for a TRO and/or a preliminary injunction. *See* Doc. 9 at 2 (¶2).

Plaintiffs' benefit but in actuality were controlled by Selina and/or the other "John Doe" defendants. Once Plaintiffs transferred the cryptocurrency assets into these fraudulent accounts, Defendants allegedly converted them for their own benefit.

Through blockchain analytics tracing, Plaintiffs have identified the following cryptocurrency wallet addresses at the BINANCE, OKX (OKEx), and GEMINI cryptocurrency exchanges that were used to launder the assets stolen from Plaintiffs and are believed to be owned or controlled by Defendants:

| # | EXCHANGE | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (confirmed amount with blockchain data analysis, in cryptocurrency unit) |
|---|---|---|---|---|
| 1. | Binance | 1KAr47ZWdEmkLTPDjieF2mqHF7aJUoLEVD | BTC | 18.06583687 |
| | | | TOTAL BTC | 18.06583687 |
| 2. | Binance | 0x5a44717f1A7EDe7Ff3C5C6668B7d6cd84323634E | ETH | 19.110906 |
| 3. | Gemini | 0xD620c2Db204247c3C4db370999C90d7b1E5023A2 | ETH | 0.098604 |
| | | | TOTAL ETH | 19.20951 |
| 4. | OKX | 0xcA9B4a51C2ee3F65432f41ea71B6C693551B38F4 | USDT | 210000 |
| 5 | OKX | 0x1ce6880Ae94db5FBb5772EdA73A29c101F4D7D0d | USDT | 165025 |
| 6. | OKX | 0xE62462b570A34Cc19C59005289D193fb2fB6E3EA | USDT | 24139 |
| | | | TOTAL USDT | 399,164 |

2

Additionally, blockchain analytics have traced Plaintiffs' stolen funds to and/or through the following cryptocurrency wallet addresses, which are believed to be owned or controlled by Defendants and which are believed to still be holding at least some of the assets stolen from Plaintiffs:

| # | DESTINATION ADDRESS | ASSET TYPE | ASSETS UNDER CLAIM (confirmed amount with blockchain data analysis, in cryptocurrency unit) |
|---|---|---|---|
| 1 | 0x389505f098a29a994A3ed0e674f07cd451dde42C | ETH | 0.735681 |
| 2 | 0x000F422887eA7d370FF31173FD3B46c8F66A5B1c | ETH | 0.43432389 |
| | | TOTAL ETH | 1.17000489 |

The cryptocurrency wallet addresses listed above are collectively referred to as the "Destination Addresses."

Plaintiffs have subsequently learned that the GEMINI wallet address listed above is owned by an individual named Azusena Meza.

Plaintiffs do not know the real identity of "Selina" or the other defendants, but they believe that Selina is "of Chinese descent" and currently "located in China" based on IP address information.

**Procedural Background**

In late-April 2023, Plaintiffs filed suit in this Court against Selina and 20 other John Doe defendants based on their alleged theft of Plaintiffs' cryptocurrency assets. The now-operative amended complaint (Doc. 3), filed in mid-May, asserts claims

3

against Defendants for (1) conversion, (2) unjust enrichment, (3) imposition of a constructive trust and disgorgement, (4) and conspiracy related to cryptocurrency fraud.

On May 26, 2023, the Court entered an *ex parte* TRO (Doc. 6) freezing the cryptocurrency asserts in the Destination Addresses. The TRO was set to expire on June 9, but on June 8, the Court extended the TRO for an additional 14 days under Fed. R. Civ. P. 65(b)(2) based on the "good cause" shown by Plaintiffs. *See* Doc. 9.

On June 13 and June 15, Plaintiffs served the amended complaint on Defendants and provided them notice of the preliminary injunction hearing through non-fungible tokens (NFTs) sent to the Destination Addresses, as authorized by the Court under Fed. R. Civ. P. 4(f)(3).

The NFTs contained a link to a website created by Plaintiffs' attorney that contained all of the documents filed in this case.

On June 15, Plaintiffs personally served Ms. Meza with the amended complaint and notice of the preliminary injunction hearing.

Neither Ms. Meza nor any of the other defendants appeared at the preliminary injunction hearing or contacted Plaintiffs' attorney about this case after being served.

## Analysis

The Court has the authority to issue a preliminary injunction under Fed. R. Civ. P. 65(a) if the movant provides notice to the adverse party and proves that "(a)

there is a substantial likelihood of success on the merits; (b) the ... preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the ... preliminary injunction would cause to the non-movant; and (d) the ... preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). The Supreme Court has stated that "the first two factors ... are the most critical," *Nken v. Holder*, 556 U.S. 418, 434 (2009), but the Eleventh Circuit has suggested that "[t]he first of the four prerequisites to temporary injunctive relief is generally the most important," *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005).

Here, Plaintiffs provided Defendants written notice of its request for a preliminary injunction and the preliminary injunction hearing through the NFTs and, as to one of the John Doe defendants (now identified as Ms. Meza), personal service. This notice was provided a week before the preliminary injunction hearing, and under the circumstances, the Court finds that notice to be adequate. *See Four Seasons Hotels and Resorts, B.V. v. Consoricio Barr, S.A.,* 320 F.3d 1205, 1212 (11th Cir. 2003) ("[T]he appropriate amount of notice [for a preliminary injunction hearing] is properly left to the district court's discretion."); *see also, e.g., United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986) (finding "one to three days' written notice" of a preliminary injunction hearing to be sufficient); *S.E.C. v. MCC*

5

*Int'l Corp.* 2022 WL 2760279, at *3 (S.D. Fla. May 18, 2022) (finding seven days' notice by email to be sufficient in a cryptocurrency fraud case).

On the merits, the Court finds based on the evidence of record that all four of the preliminary injunction factors weigh in Plaintiffs' favor.

With respect to the first factor, Plaintiffs presented evidence showing that Defendants acquired Plaintiffs' cryptocurrency assets fraudulently and that Defendants have no legitimate claim to those assets. Thus, Plaintiffs have a substantial likelihood of success on the merits of their claims against Defendants for conversion, unjust enrichment, and imposition of a constructive trust and disgorgement of funds held by Defendants in the Destination Addresses.

With respect to the second factor, Plaintiffs have also shown that irreparable harm will ensue absent a preliminary injunction. Considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is necessary to freeze the Destination Addresses to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiffs.[2]

With respect to the third factor, the threatened injury to Plaintiffs also outweighs any harm Defendants may suffer by virtue of the preliminary injunction. Indeed, maintaining the assets within the Destination Addresses is perhaps Plaintiffs' only realistic

---

[2] As explained in the TRO, the Court has the authority to freeze the assets in the Destination Addresses prior to trial because Plaintiffs are seeking equitable relief (*e.g.*, constructive trust) in addition to money damages. *See* Doc. 6 at 4-5.

chance at a future recovery in this case, and Defendants will suffer at worst a temporary inability to move assets that it appears they have no right to possess.

With respect to the fourth factor, a preliminary injunction will not be averse to the public interest because it will promote the rule of law and investor confidence in cryptocurrency transactions.

## Bond

Fed. R. Civ. P. 65(c) provides that "[t]he court may issue a preliminary injunction … only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined."

The Court required Plaintiffs to post a $100 bond in conjunction with the TRO, which they did. *See* Doc. 7. No additional bond will be required for the preliminary injunction because the $100 bond is sufficient based on the apparent strength of Plaintiffs' case and the modest amount of cryptocurrency held in the wallet of the only identified defendant, Ms. Meza.

## Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' motion for a preliminary injunction (Doc. 5) is **GRANTED**, and a preliminary injunction is entered as follows:

1. Defendants and their agents, servants, employees, attorneys, partners,

successors, assigns, and all other persons or entities through which she/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby enjoined from withdrawing, transferring, or encumbering any assets currently held in the Destination Addresses pending disposition of this case or further Order of the Court.

2. No additional security beyond the previously posted $100 cash bond is required at this time. The Court will consider increasing the amount of bond upon a showing of good cause by any party-in-interest.

Additionally, on the Court's own motion, it is **FURTHER ORDERED** that:

3. Plaintiffs shall send a copy of this Order to Ms. Meza at the address they possess for her, and subsequent filings shall include a certificate of service showing that the filing has been sent to her at that address.[3]

4. Plaintiffs shall file an appropriate pleading or motion substituting Ms. Meza for one of the "John Doe" defendants.

5. Plaintiffs may commence discovery immediately notwithstanding Fed. R. Civ. P. 26(d)(1).

---

[3] The affidavit of service for Ms. Meza (Doc. 10-1 at 13) includes the street address where she was served, but not the city or state where that street is located. Presumably, Plaintiffs possess a more complete address for Ms. Meza.

6. An initial scheduling order will be entered if and when an appearance is made on behalf of one or more defendants.

**DONE and ORDERED** this 22nd day of June, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**